IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOSEPH R. MOORE                                                         PLAINTIFF

v.                                                                       No. 1:09CV13-D-S

PRENTISS COUNTY, MISSISSIPPI, ET AL.                                    DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Joseph R. Moore, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that the Prentiss County Sheriff presented false testimony before the Grand Jury to secure an indictment against him. He also alleges that the sheriff and others found evidence to support a charge of possession of methamphetamine in the plaintiff's truck after his estranged wife gave permission to search the truck. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Joseph R. Moore alleges that the Prentiss County Sheriff Randy Tolar presented false testimony before the Grand Jury to secure an indictment against him on charges of felon in possession of a firearm. He also alleges that Sheriff Tolar, Bob Tolar, Derrick Pruitt, and Joey Clark found evidence of possession of methamphetamine in the plaintiff's truck, but secured consent for the search of the truck from his estranged wife, rather than from him. The plaintiff seeks as relief the suspension of the defendants from their law enforcement jobs without pay, an investigation of the defendants, prosecution of the defendants for perjury, a dismissal of all

indictments against him, a move to another jail facility, and protection from retaliation at the hands of these defendants.

## Discussion

As an initial note, this court is without authority to suspend the defendants without pay, investigate them, prosecute them for perjury, or dismiss the indictments the state has secured against the plaintiff. In addition, the plaintiff has been moved to a detention facility in Mason, Tennessee, thus rendering moot the plaintiff's request to be moved to another jail and for protection from retaliation at the hands of his former jailors. Thus, all forms of relief the plaintiff has requested are either beyond the court's authority or moot.

Further, the plaintiff's allegations set forth, at most, a claim of malicious prosecution. In Mississippi, the elements of malicious criminal prosecution are:

> (1) the institution or continuation of original judicial proceedings, either criminal or civil;
> (2) by, or at the insistence of the defendants;
> (3) the termination of such proceeding in plaintiff's favor;
> (4) malice in instituting the proceeding;
> (5) want of probable cause for the proceedings; and
> (6) the suffering of damages as a result of the action or prosecution.

*Strong v. Nicholson*, 580 So.2d 1288, 1293 (Miss.1991). The plaintiff has not alleged that the proceedings terminated in his favor; therefore this allegation will be dismissed for failure to state a claim upon which relief could be granted.

Finally, a federal court may not interfere with a pending state criminal proceeding absent extraordinary circumstances. *Younger v. Harris*, 410 U.S. 37, 43, 53-54, 91 S.Ct. 746 (1971). It appears from the pleadings that the state's criminal case against the plaintiff is proceeding. As such, under the *Younger* abstention doctrine, this court shall not exercise jurisdiction over the

matter.

As the forms of relief the plaintiff seeks are either beyond the court's power to grant – or moot – and his allegations of malicious prosecution fail to state a claim upon which relief could be granted – and under the prohibition against federal courts interfering in state prosecutions, the instant case shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED**, this the 13th day of August, 2009.

/s/ Glen H. Davidson
SENIOR JUDGE